UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

NATHAN LARUE, *et al.*,            )
                                    )
        Plaintiffs,             )
                                    )
v.                                  )   No. 3:24-CV-64-TRM-DCP
                                    )
UCOR, LLC,                          )
                                    )
        Defendants.             )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Motion to Substitute Parties [Doc. 44]. Pursuant to Rule 25(a) of the Federal Rules of Civil Procedure, the motion requests that Laura Ann Williams, in her capacity as the personal representative for the estate of Jeffrey Lynn Williams, be substituted in place of Plaintiff Jeffrey Williams. For the reasons stated below, the Court **GRANTS** the motion [**Doc. 44**].

**I.    ANALYSIS**

By way of background, on October 16, 2024, Plaintiffs' former attorneys, Jesse Nelson and Clint Coleman, filed a Notice of Suggestion of Death that stated Plaintiff Jeffrey Williams had passed away in September 2024 [Doc. 34]. Later, on November 21, 2024, Attorneys Nelson and Coleman filed a motion to withdraw as counsel for Plaintiffs Laura Williams and Jeffrey Williams [Doc. 36]. The Court granted that motion on November 25, 2024, and directed Plaintiff Laura Williams to obtain new counsel by December 20, 2024, and that the estate of Jeffrey Williams obtain new counsel by January 14, 2025 [Doc. 37]. On December 6, 2024, the Roane County

Probate Court issued Letters of Administration to Plaintiff Laura Williams, appointing her as the administrator of Jeffrey Williams's estate [Doc. 44-1].

Later, on December 17, 2024, Plaintiff Laura Williams filed a motion asking that she have additional time to obtain counsel [Doc. 39]. She also requested an extension on behalf of Jeffrey Williams [*Id.*]. The Court granted that request and extended the time to obtain counsel until February 28, 2025 [Doc. 40]. On January 17, 2025, Attorney Ben Houston, II, filed a Notice of Appearance on behalf of "Plaintiff, Laura Ann Williams in both her individual capacity and in her capacity as the personal representative of the Estate of Jeffrey Lynn Williams" [Doc. 43]. He filed the instant motion on the same day [Doc. 44].

Rule 25 provides a two step-process for substitution of parties upon death. *See Rivers v. Semmens*, No. 1:20-CV-2806, 2022 WL 356558, at *2 (N.D. Ohio Feb. 7, 2022) (citing *Barlow v. Ground* 39 F.3d 231, 233 (9th Cir. 1994)). "A party must (1) formally suggest the death of the party upon the record and (2) serve the nonparty representatives of the deceased party with the suggestion of death in the manner provided in Federal Rule of Civil Procedure 4 for the service of a summons." *Gruenberg v. Maricopa Cnty. Sheriff's Off.*, No. CV 06-0397, 2008 WL 2001253, at *1 (D. Ariz. May 7, 2008) (citing *Barlow*, 39 F.3d at 233). "Rule 25(a) also provides that if the motion for substitution is not made within 90 days after service of a statement noting the death, then the action by or against the decedent must be dismissed." *In re Aredia & Zometa Prod. Liab. Litig.*, No. 03-06-0745, 2011 WL 3608636, at *1 (M.D. Tenn. Aug. 16, 2011) (citations omitted) (footnote omitted).

Given that the Notice of Suggestion of Death was filed on October 26, 2024, a motion to substitute was due January 14, 2025. Here, the motion was filed on January 17, 2025—three days late. The motion addresses the untimeliness and states that "[Plaintiff Laura] Williams was acting on both her own behalf and on the behalf of the estate of her late [h]usband[,]" when she sought

2

additional time to retain counsel [Doc. 44 ¶ 7]. The motion therefore states that the Court should construe her filing [Doc. 39] as requesting additional time to file a motion to substitute [Doc. 44 ¶ 7]. It further submits that the Court's order allowing an extension "arguably already implicitly granted an extension of time for purposes [of] filing a motion to substitute parties by virtue of this Court extending the time period within which both [Plaintiff Laura] Williams and the Estate of [Jeffrey] Williams have to retain counsel to February 28, 2025" [*Id.* (citing Doc. 40)]. In the alternative, the motion states that "under the facts, circumstances, and procedural posture of the case at bar, excusable neglect justifies this Court permitting the filing of this motion outside the ninety-day time frame" [*Id.* ¶ 8].

As an initial matter, no party has responded to the motion, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). Nevertheless, the Court has reviewed the merits and finds the request well taken. Even if the undersigned declines to construe the motion for extension of time to retain new counsel [Doc. 39] as a request to extend the time to file a motion to substitute or to find that the Court's Order [Doc. 40] implicitly extended the deadline to file a motion to substitute, the instant motion sets forth good cause and excusable neglect for extending the deadline. *See Sherrod v. Bimbo Bakeries USA, Inc.*, No. 2:19-CV-4763, 2021 WL 5496177, at *2 (S.D. Ohio Nov. 4, 2021) ("Consistently, courts have exercised this discretion to extend Rule 25(a)'s 90-day period even where the motion to extend the deadline is made *after* the 90-day period has expired." (citation omitted)), *report and recommendation adopted*, No. 2:19-CV-4763, 2021 WL 5494546 (S.D. Ohio Nov. 23, 2021).

Rule 6(b) states as follows:

> (1) In General. When an act may or must be done within a specific time, the court may, for good cause, extend the time:

3

> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1)(A)–(B). "In order to demonstrate good cause, the [movant] must show that the original deadline could not reasonably have been met despite due diligence." *Daycab Co., Inc. v. Prairie Tech., LLC*, No. 3:20-CV-63, 2021 WL 6276198, at *2 (E.D. Tenn. Oct. 5, 2021) (brackets in original) (quoting *Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 241 (E.D. Ky. 2018)). With respect to excusable neglect, the Court has discretion to determine whether a party failed to act because of excusable neglect. *La Bamba Licensing, LLC v. La Bamba Authentic Mexican Cuisine, Inc.*, No. 3:16-CV-527, 2017 WL 472093, at *2 (W.D. Ky. Feb. 3, 2017) (citing *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006)) ("We review a district court's determination of excusable neglect, or lack thereof, under the abuse-of-discretion standard." (citations omitted)). In determining whether excusable neglect exists, courts balance what are commonly referred to as the *Pioneer* factors as follows:

> (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.

*Nafziger*, 467 F.3d at 522 (citing *Pioneer Inv. Servs Col v. Brunswick Assoc., Ltd. P'Ship*, 507 U.S. 380, 395 (1993)).[1] The Sixth Circuit has also stated that the "*Pioneer* factors do not carry equal weight; the excuse given for the filing must have the greatest import." *Proctor v. N. Lakes*

---

[1] "Although *Pioneer* arose from a bankruptcy proceeding, its discussion of excusable neglect also applies to Federal Rule of Civil Procedure 6(b)." *Howard v. Nationwide Prop. & Cas. Ins. Co.,* 306 F. App'x 265, 267 (6th Cir. 2009) (other citations omitted).

*Cmty. Mental Health*, 560 F. App'x 453, 459 (6th Cir. 2014) (quoting *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010)).

Attorneys Nelson and Coleman filed the Suggestion of Death on October 16, 2024, and moved to withdraw about a month later [Doc. 36]. The Court granted this motion and directed Plaintiff Laura Williams and the estate of Plaintiff Jeffrey Williams to obtain new counsel [Doc. 38]. Plaintiff Laura Williams, acting pro se, filed a motion for extension that sets forth her efforts in trying to obtain new counsel [Doc. 39]. Further, the Letters of Administration was signed on December 5, 2024 [Doc. 44-1]. Within several weeks, she was able to retain counsel, who filed the Notice of Appearance and the pending motion on January 17, 2025. Under these circumstances, the Court finds that Plaintiff Laura Williams acted with due diligence in filing the instant motion.

Turning to the *Pioneer* factors, the Court notes that the motion was only three days late, and the Court finds no prejudice in considering the motion, especially given that Defendant did not respond to it. The remaining factors weigh in favor of an extension for the reasons described above—namely, Plaintiff Laura Williams's efforts to obtain new counsel and keep the Court appraised of the same. The Court will therefore consider the Motion to Substitute Parties [Doc. 44] and finds it well taken. It appears to the Court that Laura Williams is the proper party to substitute in place of Plaintiff Jeffrey Williams as she is the personal representative of his estate [*See* Doc. 44-1].

## II. CONCLUSION

For the reasons set forth above, the Court **GRANTS** the Motion to Substitute Parties [**Doc. 44**]. Laura Williams, in her capacity as the personal representative of Jeffrey Williams's estate, is hereby substituted in place of Plaintiff Jeffrey Williams.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge